UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK AS TRUSTEE FOR REGISTERED HOLDERS OF CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2004-5,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK LEONARD TIERNEY,<br><br>Defendant. | Case No. C23-329RSM<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs Bank of New York Mellon, f/k/a The Bank of New York as Trustee for Registered Holders of CWABS, Inc., Asset-Backed Certificates, Series 2004-5 ("BNYM") and Carrington Mortgage Services ("Carrington") (collectively "Counterdefendants")'s Motion to Dismiss Counterclaim and Third-Party Complaint, Dkt. #14. On October 17, 2023, the Court granted in part and denied in part this Motion, leaving the issue of litigation privilege for further consideration on oral argument. That oral argument occurred on November 7, 2023. Dkt. #28. The Court took the matter under

ORDER FOR SUPPLEMENTAL BRIEFING - 1

advisement and later received a Joint Status Report of the parties indicating that settlement of this case without Court involvement is not currently possible. Dkt. #30.

The Court now seeks supplemental briefing from the parties on the issue of litigation privilege. Specifically, the Court requests answers to the following questions:

1. If the litigation privilege precludes liability arising from conduct related to a lawsuit, why should the Court not dismiss all claims against Mr. Wozniak and WFZ under that theory?

2. If the litigation privilege precludes liability arising from conduct related to a lawsuit, why should the Court not dismiss all claims against BNYM and Carrington for their actions related to the former lawsuit? How was the rolling over of attorney fees into the loan amount, clearly discussed in the settlement proceedings, not related to the former lawsuit?

3. Under *Mason v. Mason*, cited by BNYM and Carrington, "[w]here a tort claim is predicated on testimony or statements made during a judicial proceeding, litigation privilege 'has traditionally been **limited to situations in which authorities have the power to discipline** as well as strike from the record statements which exceed the bounds of permissible conduct…. Beyond statements and testimony, litigation privilege can preclude liability arising from conduct related to a lawsuit." 19 Wn.App. 2d 832 (emphasis added). Given this reasoning, why should this dispute not be heard in the prior case via a motion seeking a contempt of Court ruling, through a motion for sanctions, or through some other motion? How is the relief requested in this case different than the relief available in the prior case?

ORDER FOR SUPPLEMENTAL BRIEFING - 2

Having considered the briefing and the remainder of the record, the Court hereby finds and ORDERS that the parties are to submit supplemental briefing on the above issues, not to exceed ten pages, no later than thirty (30) days from the date of this Order. No response or reply briefing in permitted.

DATED this 2nd day of January, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER FOR SUPPLEMENTAL BRIEFING - 3